# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE MARKEL INSURANCE COMPANY<br>as subrogee of Capital City Public Charter<br>School, Inc.<br>4521 Highwoods Parkway<br>Glen Allen, Virginia 23060<br><br>           Plaintiff,<br><br>v.<br><br>Havtech, LLC<br>9505 Berger Road<br>Columbia, Maryland 21046<br><br><u>Serve on Resident Agent</u>:<br>Normand P. Long<br>9505 Berger Road<br>Columbia, Maryland 21046<br><br>           Defendant. | Case No.: 1:20-cv-01138<br><br><br><br><br>**(JURY TRIAL DEMANDED)** |

## **COMPLAINT**

Plaintiff, The Markel Insurance Company as subrogee of Capital City Public Charter School (hereinafter "Plaintiff"), by and through the undersigned attorneys, hereby brings this Complaint and alleges as follows:

## **THE PARTIES**

1. Plaintiff, The Markel Insurance Company (hereinafter "Markel") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.

2. At all times relevant hereto, Markel was duly authorized to transact business and issue policies of insurance in the District of Columbia.

3. At all times relevant hereto, Defendant, Havtech, LLC (hereinafter "Havtech"), is a Maryland limited liability company with its principal place of business located at 9505 Berger Road, Columbia, Maryland 21046 and, at all times material hereto, was engaged in the Heating Ventilation and Air Conditioning ("HVAC") industry.

## JURISDICTION

4. Plaintiff, Markel, is a citizen of the Commonwealth of Virginia. Defendant, Havtech, is a citizen of the State of Maryland. As such, diversity exists between Plaintiff and Defendant.

5. The amount in controversy in this matter exceeds the value of $75,000, exclusive of interest and costs.

6. The United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

7. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the District of Columbia because it is the judicial district within which a substantial part of the events giving rise to Plaintiff's claims occurred, which is 100 Peabody Street, NW, Washington DC 20011.

## BACKGROUND

8. At all times relevant hereto, Markel's insured, Capital City Public Charter School, Inc. (hereinafter "Plaintiff's Insured") owned and occupied the Capital City

Public Charter School located at 100 Peabody Street, NW, Washington, DC 20011 (hereinafter "the Property").

9. At all times relevant hereto, Plaintiff Markel, issued a policy of insurance under policy number 8502WSI046392-1 (hereinafter "the Policy") to Capital City Public Charter School, Inc.  The Policy was in effect at all times relevant hereto and insured the Property as well as the personal property therein and against other losses.

10. Before October 21, 2019, Plaintiff's Insured retained Defendant, Havtech, LLC (hereinafter "Havtech") to install a braided water line that serviced an HVAC unit on the third floor of the property which serviced two classrooms in the Property.

11. Before October 21, 2019, Defendant Havtech improperly installed the braided water line that serviced an HVAC unit on the third floor of the property which serviced two classrooms in the building in violation of the manufacturer's installation instructions for the braided water line.

12. Thereafter, on October, 2019, the water line failed and burst thereby allowing water to escape the water line and spread throughout the Property.  (hereinafter "the Water Loss").

13. The Water Loss was caused by the negligent, careless, and reckless acts and/or omissions of Defendant Havtech, which improperly installed the braided water line in violation of the manufacturer's installation instructions.

14. As a direct and proximate result of the Water Loss, Plaintiff's Insured suffered significant damages to their real and personal property and sustained losses in an amount in excess of $75,000.00.

15. In accordance with the terms and conditions of the Policy, Plaintiff was required to and did make payments to its insureds or on behalf of its insureds in an amount in excess of $75,000.00 for damages sustained as a result of the Water Loss.

16. By virtue of the payments made to or on behalf of its insured, Plaintiff is now contractually, legally and equitably subrogated to the rights of recovery of Plaintiff's Insured to the extent of their payments.

## COUNT I - NEGLIGENCE
### Plaintiff Markel v. Defendant Havtech, LLC

17. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 16 of the Complaint as if fully set forth herein at length.

18. Defendant Havtech had a duty to exercise reasonable care in the work performed at the Property, and to ensure its work was performed in a good and workmanlike manner that did not create a risk of damage to Plaintiff's Insured's property and in accordance with all local, state and federal laws, rules, regulations and codes, industry standards and codes, as well as in accordance with all relevant plans, specifications and manufacturer's installation instructions.

19. Defendant Havtech, acting through its agents, employees, servants, workmen, and authorized subcontractors, breached the above duties of care by:

   a. Failing to perform work in a careful and workmanlike manner;

   b. Using employees, workmen and/or subcontractors which Defendant knew, or in the exercise of reasonable care should have known, were not properly trained for the work to be performed at the Property;

   c. Failing to exercise reasonable care in supervising and/or inspecting the work performed by its employees, agents, servants, workmen and/or subcontractors;

    d.      Failing to ensure that its employees, agents, servants, workmen, and/or subcontractors complied with all manufacturer's instructions, relevant industry-wide standards and/or trade practices;

    e.      Failing to perform its work so as to not create a foreseeable risk of harm to persons or property;

    f.      Permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which the Defendant knew or in the exercise of reasonable care, should have known;

    g.      Failing to comply with all relevant building codes;

    h.      Failing to comply with all local, state and federal laws, rules, regulations, codes and other requirements regarding the Defendant's work at the Property;

    i.      Failing to ensure that its employees, agents, servants, workman and/or subcontractors properly installed the braided water line that serviced an HVAC unit so as to not create a foreseeable risk of harm to the real and business personal property of Plaintiff's Insured;

    j.      Failing to properly install the braided water line that serviced an HVAC unit so as to not create a foreseeable risk of harm to the real and business personal property of Plaintiff's Insured;

    k.      Failing to properly install the braided water line that serviced an HVAC unit in accordance with the manufacturer's installation instructions, thereby creating an unreasonable risk of harm to the real and personal property of Plaintiff's Insured;

    l.      Failing to reasonably anticipate that negligently, carelessly and/or recklessly installing the braided water line that serviced an HVAC unit could cause a water loss in the Property;

    m.      Failing to act reasonably under all the circumstances; and

    n.      Such other acts or omissions that will be revealed during discovery.

20. The negligence of Defendant Havtech was the direct and proximate cause of the damages and losses suffered by Plaintiff's Insured.

21. As a result of the Water Loss and resultant damage, Plaintiff's Insured

suffered damages to the its real and business personal property and sustained certain other losses in an amount in excess of $75,000.00.

22. As a result of Defendant Havtech's negligence and the resulting Water Loss, and pursuant to the terms and conditions of the Policy, Markel made payments to or on behalf of its insured in an amount in excess of $75,000.00.

23. By virtue of the payments made to its insured and pursuant to the terms and conditions of the Policy, Plaintiff, Markel, is legally, equitably, and contractually subrogated to the rights of its insured with regard to all claims against Defendant Havtech.

**WHEREFORE**, Plaintiff, The Markel Insurance Company as subrogee of Capital City Public Charter School, prays for judgment in its favor and against Defendant, Havtech, LLC, individually, jointly, and severally, in an amount in excess of $75,000.00, to be determined by a jury, together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT
### Plaintiff Markel v. Defendant Havtech, LLC

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully set forth herein at length.

25. Defendant Havtech expressly and/or impliedly agreed to perform all work at the Property in a good and workmanlike manner and in accordance with all applicable county, city and state codes, laws, and regulations, and general standards and practices of the trade and industry as well as the manufacturer's instructions.

26. Based upon Defendant Havtech's representations, Plaintiff's Insured entered into a contractual agreement with Defendant Havtech to perform certain work

including, but not limited to, installing the braided water line that serviced an HVAC unit at its Property in a workmanlike manner.

27. At all times relevant hereto, Plaintiff's Insured performed all of its obligations and conditions precedent to its agreement with the Defendant Havtech.

28. Defendant Havtech breached the contract and its implied warranty of workmanlike performance by:

   a. Failing to perform work in a careful and workmanlike manner;

   b. Using employees, workmen and/or subcontractors which Defendant knew, or in the exercise of reasonable care should have known, were not properly trained for the work to be performed at the Property;

   c. Failing to exercise reasonable care in the supervision and/or inspection of the work performed by its employees, agents, servants, workmen and/or subcontractors;

   d. Failing to ensure that its employees, agents, servants, workmen, and/or subcontractors complied with all manufacturer's instructions, relevant industry-wide standards and/or trade practices;

   e. Failing to perform its work so as to not create a foreseeable risk of harm to persons or property;

   f. Permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which the Defendant knew or in the exercise of reasonable care, should have known;

   g. Failing to comply with all relevant building codes;

   h. Failing to comply with all local, state and federal laws, rules, regulations, codes and other requirements regarding the Defendant's work at the Property;

   i. Failing to ensure that its employees, agents, servants, workman and/or subcontractors properly installed the braided water line that serviced an HVAC unit so as to not create a foreseeable risk of harm to the real and business personal property of Plaintiff's Insured;

j. Failing to properly install the braided water line that serviced an HVAC unit so as to not create a foreseeable risk of harm to the real and business personal property of Plaintiff's Insured;

k. Failing to properly install the braided water line that serviced an HVAC unit in accordance with the manufacturer's installation instructions, thereby creating an unreasonable risk of harm to the real and personal property of Plaintiff's Insured;

l. Failing to reasonably anticipate that negligently, carelessly and/or recklessly installing the braided water line that serviced an HVAC unit could cause a water loss at the Property;

m. Failing to act reasonably under all the circumstances; and

n. Such other acts or omissions that will be revealed during discovery.

29. The Water Loss and resultant damages occurred as a direct and proximate result of Defendant Havtech's breach of contract and implied warranties.

30. As a direct and proximate result of the Water Loss, Plaintiff's Insured, sustained damages to its real and business personal property and certain other losses in an amount in excess of $75,000.00.

31. As a result of the Water Loss, Plaintiff has made payments to or on behalf of its insured in an amount in excess of $75,000.00, in accordance with the terms and conditions of the Policy.

32. By virtue of the payments made to its insured and pursuant to the terms and conditions of the Policy, Plaintiff Markel, is legally, equitably, and contractually subrogated to the rights of its insured with regard to all claims against the Defendant, Havtech.

**WHEREFORE**, Plaintiff, The Markel Insurance Company as subrogee of Capital City Public Charter School, prays for judgment in its favor and against Defendant, Havtech, LLC, individually, jointly, and severally, in an amount in excess of

$75,000.00, to be determined by a jury, together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

STRAVITZ LAW FIRM, PC

By: /s/Eric N. Stravitz
Eric N. Stravitz (Unified Bar No. 438093)
4300 Forbes Boulevard
Suite 100
Lanham, MD  20706
O: 240-467-5741
F: 240-467-5743
E: eric@stravitzlawfirm.com

OF COUNSEL:*
Michael F. Wallace, Esquire
STUTMAN LAW
20 East Taunton Road, Suite 403
Berlin, New Jersey 08009
Phone: 856-767-6800 ext. 14
Fax: 856-767-6810
Email: WallaceM@StutmanLaw.com
* Motion for Admission *Pro Hac Vice* to be filed

*Counsel for Plaintiff The Markel Ins. Co.*